# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2852

_____

United States of America

*Plaintiff - Appellee*

v.

Carlos Danacio Traywick

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: May 14, 2026
Filed: August 13, 2026
[Published]

_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Carlos Danacio Traywick challenges his supervised release condition authorizing the Probation Office to require him to perform 20 hours of community service if he does not comply with his employment conditions, which potentially amounts to thousands of hours across his four-year term. The Guidelines commentary provides that "[c]ommunity service *generally* should not be imposed in excess of 400

hours. Longer terms of community service impose heavy administrative burdens . . . ." USSG § 5F1.3, comment. (n.1) (emphasis added). Traywick argues, citing our decisions in United States v. Hinkeldey, 124 F.4th 1093, 1094 (8th Cir. 2024) and United States v. Redmon, No. 25-3055, 2026 WL 2028518, at *1 (8th Cir. July 14, 2026), that the district court plainly erred in failing to justify its authorization of over 400 hours of community service. We agree and remand for further consideration of the supervised release condition.

## I. Background

Traywick pleaded guilty to possession of a firearm by a felon and possession with intent to distribute a controlled substance. He reserved the right to challenge the district court's denial of a motion to suppress. The court sentenced him to 60 months imprisonment followed by four years of supervised release. A special condition of supervision stated:

> If not employed at a lawful type of employment as deemed appropriate by the United States Probation Office, the defendant must participate in employment workshops and report, as directed, to the United States Probation Office to provide verification of daily job search results or other employment related activities. In the event the defendant fails to secure employment, participate in the employment workshops, or provide verification of daily job search results, the defendant may be required to perform up to 20 hours of community service per week until employed.

Traywick appealed the denial of his motion to suppress. His counsel filed a Motion to Withdraw as Counsel accompanied by a merits brief under Anders v. California, 386 U.S. 738 (1967). We affirmed the denial of the motion to suppress, but after independently reviewing the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we denied counsel's motion to withdraw because the community service issue was nonfrivolous. United States v. Traywick, 139 F.4th 978, 980-81 (8th Cir. 2025). We

ordered the parties to brief whether the court plainly erred in imposing the supervised release condition and whether that issue is ripe for review. After briefing was complete, we held the case in abeyance pending our decision in United States v. Mejia, 172 F.4th 601, 607 (8th Cir. 2026), which raised similar issues. That case, as well as Redmon, have been decided, so we will now resolve this case as well.

## II. Discussion

Traywick argues that, to impose a condition of supervised release authorizing over 400 hours of community service, the district court must explain why Traywick is more in need of community service than the generality of defendants. See USSG § 5F1.3, comment. (n.1). Here, as the court did not do so, and the condition authorizes the probation office to make Traywick perform potentially thousands of hours of community service over his four-year term, we should modify the condition or remand to the district court for further proceedings.

This issue is now well defined by our court. Our cases began with Hinkeldey, which held that it was plain error for the district court to impose a similar provision authorizing over 400 hours of community service "[w]ithout any justification for the excess hours." We sua sponte modified the condition to "require reconsideration if and when Hinkeldey reaches 400 total hours of community service." 124 F.4th at 1094. Then, in Mejia, we distinguished Hinkeldey and dismissed a community service challenge as unripe. We reasoned that the condition in Hinkeldey threatened imminent harm because the defendant was already on supervised release, whereas Mejia's claim was unripe because he had to serve over 25 years in prison first and would be over 70 years old when released, so any harm was decades away and might never occur at all. 172 F.4th at 607-08.

Our caselaw concludes with Redmon, which is controlling here. We analyzed the two ripeness factors emphasized in Mejia -- the "fitness of the issues for judicial

decision and the hardship to the parties of withholding court consideration."  See Neb. Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2000) (quotation omitted).  As to fitness, following the Tenth Circuit's approach in United States v. Ford, 882 F.3d 1279, 1284 (10th Cir. 2018), we found the case fit for "facial review" because a procedural challenge to the district court's failure to justify its decision is a purely legal issue that is not contingent on future factual developments.  2026 WL 2028518, at *10.  As to hardship, we noted Redmon would not have the benefit of appointed counsel if he later moved to modify the condition, unlike on direct appeal, and further, unlike Mejia who had decades left on his sentence, Redmon was scheduled for release in just a few months, thus making it more likely that he would be harmed by the condition before the district court could consider a request to modify it.  2026 WL 2028518, at *10.  Since Redmon's facial claim was fit for review and he would suffer hardship if we delayed review, we found his claim ripe.  But we modified the remedy granted in Hinkeldey.  Rather than modify the condition, we "remand[ed] to the district court to consider whether to reimpose the previously unchallenged 20-hours-per-week condition and to consider what alternative option may be most appropriate to take into account the § 5F1.3 policy statement that a 400-hour cap is generally appropriate."  Id. at *11.

In a post-Redmon submission, the government more or less concedes that Traywick's challenge is ripe, saying Redmon "undercuts the government's ripeness argument in this case regarding a facial challenge."  We agree.  We are advised that Traywick is scheduled for release in December 2026, so he, like Redmon, will be released and subject to the condition in just a few months.  We accordingly find Redmon controlling and this case ripe.  For the merits of Traywick's § 5F1.3 claim, our decisions in Hinkeldey and Redmon squarely control.  The district court did not justify its decision to exceed the "generally appropriate" 400-hour cap, nor do we discern an explanation from this limited record.  United States v. Williams, 30 F.4th 796, 801 (8th Cir. 2022) (reversal for lack of individualized findings not required "if the basis for the imposed condition can be discerned from the record.").  We therefore

-4-

order the same remedy as in <u>Redmon</u> and remand to the district court with directions to consider whether to reimpose the 20-hour-per-week condition and to consider what alternative option may be most appropriate to take into account the § 5F1.3 policy statement that a 400-hour cap is generally appropriate.

_____